In the Matter of the Claim of MICHAEL NOWAK, Respondent, v. MERRITT, CHAPMAN & SCOTT CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — TAYLOR, J. An employer and its insurance carrier appeal from that part of a decision of the Workmen's Compensation Board finding that claimant had a permanent partial disability and from an award of benefits at the weekly rate of $26.50 for reduced earnings during the period subsequent to February 12, 1962. On September 15, 1961 claimant, an elderly carpenter, while at work on a power project, fell to the ground from a height of about seven feet landing astraddle a sharp rock, as the result of which he sustained a stricture of the urethra which, it is not disputed, will require periodic medical treatment for the remainder of his life. He was paid compensation at the maximum rate from September 17, 1961 to February 11, 1962 on which date the compensation payments were stopped by the carrier on the basis of an attending urologist's report certifying that claimant was then able to return to his usual work. A hearing on September 4, 1962 followed at which the case was continued for three additional weeks for a more recent report of the same urologist and to afford the carrier the opportunity, if he chose, to have claimant examined. At a hearing which followed on October 2, 1962 claimant, unrepresented by counsel, stated that he could not perform the work he had been doing and that he had been unable to find lighter work. The case was again continued to permit the carrier to produce a urological report and a direction made by the Referee for the resumption of weekly compensation payments at the minimum rate of $20. At the next hearing on November 27, 1962 it was agreed that the case be referred to the District Administrator for the selection of an impartial specialist to determine the degree of disability and its causal relationship to the accident. Meanwhile on November 12, 1962 Doctor D'Errico reported

by letter to the carrier that claimant was not able to perform a full day's work as a carpenter because of the severity of perineal pain. Reports of other examining physicians, some of which were likewise unverified, took pro-and-con positions as to claimant's ability to work. Doctor Brodie, the urologist selected by the board, reported his conclusion that claimant's symptoms "are most likely prostatic in origin and if the element of prostatism were removed this patient would undoubtedly be symptom-free from his injury". He later testified, albeit seemingly inconsistently as to causation, that claimant's condition required continued treatment and that he was capable of doing his usual work. The Referee found a permanent partial disability, made an award at the $20 rate only to November 19, 1963, the date of the hearing, and provided for continued treatment beyond that date. Upon review the board, in part, reversed the decision of the Referee making an award not only for the period between February, 1962 and October, 1962, when there was a lapse in the continuity of the payment of benefits, but also thenceforth on the basis of a 25% reduced earning capacity. Of the reporting physicians only Doctor Brodie testified and since his medical opinion evidence cannot be said to support the award, the board's decision necessarily indicates that it gave preponderant effect to the reports of nontestifying physicians as to claimant's disability. In his brief the Attorney-General principally urges the probative force of the report of Doctor D'Errico. Upon a similar record we found it necessary to remit a case to the board for further proceedings. (*Matter of Bochkarev* v. *Henry's Landscaping Serv.*, 10 A D 2d 398.) The same result must obtain here. Decision, insofar as appealed from, reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted for further proceedings. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.